[No. 3,921.]

## Q. A. CLEMENTS AND M. E. CLEMENTS, HIS WIFE, v. J. B. STANTON, SHERIFF OF COLUSA COUNTY.

HOMESTEAD ACKNOWLEDGMENT BY WIFE.—A wife may acknowledge a declaration of homestead, selected by her alone, in the manner provided by law for the acknowledgment of conveyances of real property by persons other than married women.

APPEAL from the District Court of the Tenth Judicial District, Colusa County.

The action was brought to enjoin the defendant, as Sheriff, from executing a deed to the premises in controversy, under a judgment obtained against the plaintiff, Q. A. Clements. The plaintiff, M. E. Clements, wife of Q. A., had declared a homestead in the premises prior to the judgment.

At the trial, the plaintiffs offered the declaration of homestead in evidence, and it was admitted, the defendant objecting that the acknowledgment was not taken as required by law. The plaintiffs had judgment on the fourth day of September, 1872, and the defendant appealed.

The other facts are stated in the opinion.

*S. T. Kirk*, for Appellant.

*A. L. Hart* and *P. Vanclief*, for Respondents.

By the COURT:

Homesteads may be selected by the husband and wife, or either of them. The selection is made by filing a declaration, which must "be signed by the party making the same, and acknowledged and recorded as conveyances affecting real estate are required to be acknowledged and recorded."

The homestead may be abandoned by filing in the office where it is recorded a declaration of abandonment, "executed and acknowledged by the owner thereof, and executed and acknowledged by the wife, if the owner be married, and the wife be a resident of this State, in the same manner as required by law in the case of the conveyance by her of her separate real property."

The homestead, which is the subject of controversy in this action, was selected by the wife of the owner alone, and the certificate attached to her declaration of homestead shows that she acknowledged it before a competent officer in the manner provided by law for the acknowledgment of conveyances of real property by persons other than married women.

The appellant claims that the declaration was wholly ineffectual for any purpose, because it was not acknowledged in the manner required by law in the case of the conveyance by a married woman of her separate real property.

We do not agree with the appellant. The law certainly does not expressly require a married woman, when making a declaration of homestead, to acknowledge it in the manner contended for here, and we see no reason for giving it such a construction; at any rate, where, as in this case, the husband is not a party to the proceeding by which the homestead is acquired. Our conclusion is strengthened by the fact that the Legislature has expressly required a declaration of abandonment to be acknowledged by the wife as she would acknowledge a conveyance of her separate real property.

Judgment affirmed.