[No. 12476. In Bank. — June 9, 1888.]

## M. A. BECK ET AL., RESPONDENTS, *v.* RICHARD SOWARD, APPELLANT.

HOMESTEAD — SEPARATE PROPERTY OF WIFE — ACKNOWLEDGMENT OF DECLARATION. — An acknowledgment of a declaration of homestead selected from the separate property of the wife must be made by the wife in strict accordance with section 1186 of the Civil Code. An acknowledgment stating that "she was by me first made acquainted with the contents thereof, and thereupon acknowledged to me, on examination separate and apart from and without the hearing of her husband," etc., in the form provided by the statute prior to the code, is insufficient, because not showing that she was made acquainted with the contents of the instrument by the officer on an examination without the hearing of her husband.

ID. — DESCENT AND DISTRIBUTION OF HOMESTEAD PROPERTY. — When the homestead is carved out of the separate property of the wife, and the wife dies intestate, leaving more than one child, it descends, one third to the husband, and the remaining two thirds in equal shares to the children, as provided in section 1386 of the Civil Code.

APPEAL from the judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion.

*Williams & McKinley*, for Appellant.

The certificate is substantially in the form prescribed by section 1191 of the Civil Code. It is true that the justice in his certificate has somewhat changed the order of the allegation of the certificate prescribed by the code, but we take it that the statement, "And that she was by me first made acquainted with the contents thereof, and thereupon acknowledged to me, on examination separately and apart and from and without the hearing of her said husband," etc., and the form prescribed by section 1191 of the Civil Code, are substantially the same, and mean the same thing.

*Shaw & Damron*, for Respondents.

In *Dennehey* v. *Woodsum*, 100 Mass. 197, the court say that the word "thereupon" refers to the succession of events in order of time. Consequently, without the use of the word "first," the language would show that the making acquainted occurred prior to the separate examination. The certificate under consideration in *Hutchinson* v. *Ainsworth*, 63 Cal. 286, was in substance the same as the one in this case, and it was held void. The only difference was the omission of the word "thereupon" in that case. An examination of the record in the case of *Wedel* v. *Herman*, 59 Cal. 513, will show that the certificate which was held to be insufficient in that case was in precisely the same form as the one in this case, and

the mistake was made in the same way, by using an old form.

SEARLS, C. J.—This is an action to quiet title, brought by plaintiffs, the heirs of Millie C. Soward, deceased, against Richard Soward, her husband.

The land in dispute was the separate property of Millie Soward, deceased. Defendant claims under the declaration of homestead set forth in the findings.

It is claimed by plaintiffs and respondents that the declaration of homestead upon the separate property of the wife was invalid upon the grounds:—

1. That it was not properly acknowledged by the wife;

2. That it did not show declarant was the head of a family;

3. That it did not show the estimated value of the property.

The homestead declaration was executed in November, 1880, and recorded December 10, 1880.

Section 1239 of the Civil Code provides that "the homestead cannot be selected from the separate property of the wife without her consent, shown by her making, or joining in making, the declaration of homestead."

It follows that the wife was a necessary party to the declaration of homestead upon this, her separate property.

The declaration must be executed and acknowledged in the same manner as a grant of real property is acknowledged. (Civ. Code, sec. 1262.)

"The acknowledgment of a married woman to an instrument purporting to be executed by her must not be taken unless she is made acquainted by the officer with the contents of the instrument on an examination without the hearing of her husband; nor certified unless she thereupon acknowledges to the officer that she executed the instrument, and that she does not wish to retract such execution." (Civ. Code, sec. 1186.)

In the present case the acknowledgment of decedent is certified to as follows:—

"And I do hereby further certify that the said Millie C., wife of Richard Soward, is personally known to me to be the person whose name is subscribed to said instrument as a party thereto, and that she was by me first made acquainted with the contents thereof, and thereupon acknowledged to me, on examination separate and apart from and without the hearing of her husband, that she executed the same freely and voluntarily, for the uses and purposes therein mentioned, without fear or compulsion, or undue influence of her said husband, and that she did not wish to retract the execution of the same."

As will be seen, the certificate fails to show that the party was made acquainted with the contents of the instrument by the officer *on an examination without the hearing of her husband,* as required by section 1186 of the Civil Code.

The form used was such as was provided by the statute prior to the code, but since the adoption of that instrument a married woman, in acknowledging an instrument, must be made acquainted with and acknowledge the instrument without the hearing of her husband.

If she acknowledges the homestead declaration in the same manner as she is required to acknowledge a grant of real property, she must be made acquainted with its contents on an examination without the hearing of her husband, as provided in section 1186 of the Civil Code; and as that section provides that the acknowledgment of married women to an instrument *must not be taken* without this formula, we are of opinion there was no sufficient evidence of such an execution of the instrument by deceased as was requisite to its validity.

The reasons for requiring a homestead declaration made by a wife upon her separate property jointly with her husband to be explained to and acknowledged by

her without the hearing of her husband are as all-prevailing as those which apply to the conveyance by her of her separate property.

The strongest reason, however, is to be found in the fact that the provision is statutory, and the statute not only requires it, but inhibits the taking of an acknowledgment by a married woman in any other way.

The case of *Clements* v. *Stanton*, 47 Cal. 60, in which it was held that the wife might acknowledge in the mode prescribed for law for the acknowledgment of conveyances of real property by persons other than married women, a declaration of homestead, selected by her alone, was one which originated prior to the adoption of the code, and when the inhibition contained in section 1186 did not exist.

We think the rule enunciated in *Hutchinson* v. *Ainsworth*, 63 Cal. 286, in case of an acknowledgment similar to the one here, is the true one, and applicable alike to all acknowledgments of instruments by married women.

We have discussed this question as though it were important to a determination of the case; the judgment of the court below must be affirmed for another reason.

The homestead was carved out of the separate property of the wife in December, 1880.

The wife died intestate February 16, 1887, leaving a husband and more than one child.

By section 1265 of the Civil Code, the homestead not being community property, but having been selected from the property of the wife, upon her death descended to her heirs. That is to say, there being more than one child and a surviving husband, one third of it was succeeded to by the husband, and the remaining two thirds in equal shares to the children, etc., as provided in section 1386 of the Civil Code.

This is precisely the result reached by the court below, and had the homestead been held valid, it would not have changed the order of succession.

The judgment is affirmed.

PATERSON, J., McKINSTRY, J., THORNTON, J., and SHARPSTEIN, J., concurred.

McFARLAND, J., concurring.—I concur in the judgment on the point last named in the opinion of the chief justice; but I dissent from the view that the certificate of acknowledgment of Mrs. Soward to the homestead declaration is so defective as to render it void. I have always been loth to see titles to real property broken up on account of irregular acknowledgments of deeds and conveyances; and I think that such result should not be declared except when the failure to substantially comply with statutory requisites is clear and marked. Such, in my opinion, is not the case in this instance.

Scarcely any one would notice the alleged defect upon a first reading of the certificate, and I think a fair construction to be, that the word "thereupon" connects what precedes and follows it, and shows, substantially, that making her acquainted with the contents of the instrument, and her acknowledgment of it, were parts of the same transaction, and that both occurred "without the hearing of her husband."