[No. 11964.   Department One. — May 22, 1889.]

MARGARET FARLEY ET AL., RESPONDENTS, v. PETER HOPKINS ET AL., APPELLANTS.

HOMESTEAD — EXECUTION SALE — TEMPORARY INJUNCTION — DISPUTED FACTS. — Upon an application for a temporary injunction to restrain a sheriff from selling a homestead under execution, if there is a dispute in the affidavits of the parties as to whether the homestead included the upper story of the building occupied as a homestead, it is not error for the trial court granting the temporary injunction to refuse to determine the disputed facts on the motion in anticipation of the final judgment.

ID. — FILING DECLARATION OF HOMESTEAD — AGENCY. — The declaration of homestead need not be filed upon the day of its execution and acknowledgment; nor need it be filed by the declarant in person without the agency of others.

ID. — DECLARATION BY WIFE — SUFFICIENCY OF STATEMENT. — It is sufficient in a declaration of homestead made by a wife to state that the husband has not made such declaration, and that she makes it for the joint benefit of herself and husband, without specifying in terms that she makes it for the reason that her husband has not made it.

APPEAL from an order of the Superior Court of the city and county of San Francisco granting a temporary injunction.

The facts are stated in the opinion.

*A. P. Needles*, and *William Grant*, for Appellants.

*Stanly, Stoney & Hayes*, for Respondents.

FOOTE, C.—This is an appeal from an order granting a temporary injunction restraining the defendants, among whom was Hopkins, the sheriff of the city and county of San Francisco, from selling under execution certain premises claimed by the plaintiffs as their homestead.

The prayer of the complaint is, that it may be decreed that the judgment under which the sheriff is about to sell the homestead is not and never was a lien upon the premises in dispute; that they are not subject to levy and sale under execution issued upon the judgment, and that the sheriff be enjoined from selling or offering for sale the premises, etc., and for such other equitable relief as may seem proper, etc.

The record shows that Margaret Farley and her husband, Thomas Farley, who are the plaintiffs here, were the defendants in the judgment above referred to, and that she, as the wife of Thomas Farley, made and acknowledged a declaration of homestead on the premises in question on the seventeenth day of October, 1884, and *filed* it for record on the next day through " Tobin and Tobin," presumably her attorneys or agents. This declaration contains, among other things, this statement:—

"I make this declaration for the joint benefit of myself and husband, and I declare that my husband has not made a declaration of homestead."

It was claimed in the affidavits filed for the execution creditor, on the hearing of the motion to show cause why the temporary injunction should not be granted, that the upper story of a building on the premises was not a part of the homestead. The affidavit filed on the other side tended to some extent to dispute this alleged fact.

The defendants claim that the declaration of homestead is invalid, and that the homestead claim does not extend to the upper story of the building; that the injunction, if granted at all, should not have included it.

The objections are: 1. That the declaration of homestead was not filed until the day after it was acknowledged; 2. That it was not filed by the declarant in person, but by some one for her; 3. That she does not assign any reason whatever why she made it for the joint benefit of herself and her husband; 4. That a portion of the building upon the premises was not used by the family.

We perceive no error upon the part of the trial court in refusing to anticipate the final judgment, and to determine, on the motion and by the affidavits, whether or not the upper story of the building is a part of the homestead.

With reference to the first point, it may be disposed of by saying that there is nothing in the statute which declares that the filing for record must take place on the day of the declaration and its acknowledgment, and to give such a construction to the law would be in many instances practically to defeat it.   (Civ. Code, sec. 1265.) The same thing may be said as to the point made that the declarant did not file the declaration in person, but obtained some one to do it for her.

The declaration states that the wife filed it for herself and husband, and that her husband had not made any declaration of a homestead.   Section 1262 of the Civil Code reads as follows: —

"In order to select a homestead, the husband or other head of a family, or in case the husband has not made such selection, the wife, must execute and acknowledge, in the same manner as a grant of real property is acknowledged, a declaration of homestead, and file the same for record."

Section 1263 prescribes that "the declaration of homestead must contain: —

"1. A statement showing that the person making it is the head of a family; or, when the declaration is made by the wife, showing that her husband has not made

such declaration, and that she, therefore, makes the declaration for their joint benefit."

It is said by appellants that the wife has not stated as a reason for her declaration of homestead that her husband has not made any, and therefore the declaration is void. She states the fact that he has not done so, and that she has.

The statute only authorizes her to declare a homestead when her husband has not. She is not required, under the subdivision *supra*, in her declaration, *to show* anything but the existence of the fact, which alone authorizes her and makes her competent to make the declaration, and that she does make it. When she declares that her husband has made no declaration of a homestead, thus showing a state of facts under which she can make a declaration, and then explicitly makes it, it would seem that the reason of her doing so, if any was needed to be shown, is apparent. The statute does not require her, in addition to showing her competency to make it and that she does make the declaration, to go further and state that the reason she makes it is that she is competent to do it because her husband has not made it.

We perceive no merit in this appeal, and advise that the order be affirmed.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the order is affirmed.

Hearing in Bank denied.