[S. F. No. 116.   Department One —March 10, 1896.]

CITY STORE, Appellant, *v.* SUSAN COFER, Respondent.

Homestead—Exemption from Execution—Separate Property of Married Woman—Divorce.—A homestead declared by a married woman upon her separate property for the joint benefit of herself and husband, is not affected by a decree of divorce obtained by her from her husband, where the pleadings and decree in the action for divorce are silent as to the homestead property; and one who obtained a money judgment against her pending the action for divorce, upon a debt for which the property is not liable, cannot acquire title by sale of the homestead under execution subsequent to the decree.

Appeal from a judgment of the Superior Court of Santa Clara County.   John Reynolds, Judge.

The facts are stated in the opinion of the court.

*John H. Yoell,* and *D. L. Thornton,* for Appellant.

The decree of divorce dissolved the homestead. (*Shoemaker* v. *Chalfant,* 47 Cal. 432–35; *Burkett* v. *Burkett,* 78 Cal. 310; 12 Am. St. Rep. 58; Smyth on Exemptions, secs. 305, 306.)

*J. A. Fairchild,* for Respondent.

A homestead can be abandoned only by a declaration of abandonment or a grant executed and acknowledged by the husband and wife, if the claimant is married, or by the claimant if unmarried. (*Gee* v. *Moore,* 14 Cal. 472–78; *Tyrrell* v. *Baldwin,* 78 Cal. 475; Civ. Code, secs. 243, 244; *Porter* v. *Chapman,* 65 Cal. 365, 368; *Roth* v. *Insley,* 86 Cal. 134.)   When a decree of divorce is silent as to the homestead, it remains in the possession of the

party having the record title. (*Rosholt* v. *Mehus*, 3
N. Dak. 513; *Biffle* v. *Pullam*, 114 Mo. 50.)

GAROUTTE, J.—Defendant was a married woman re-
siding upon certain real estate, her separate property.
She filed·a declaration of homestead thereon for the
joint benefit of herself and husband.   The homestead
declaration contained all the statements and recitals
demanded by the statute.   Subsequently she obtained
a decree of divorce from her husband.   Neither by the
pleadings in that action, nor by the decree of the court,
was the matter of the homestead property adverted to.
After the filing of the declaration, and prior to the
divorce decree, plaintiff obtained a money judgment
against defendant.   Subsequent to the decree of divorce
plaintiff attempted to enforce its judgment by a levy
and sale of the homestead property.   It became the
purchaser at such sale, and, basing its claims upon the
title thus obtained, brings this action for possession of
the realty.

Plaintiff's judgment was one which could not be en-
forced by a seizure and sale of the homestead property,
and, consequently, no title was vested in the purchaser
at such sale.   Section 1265 of the Civil Code provides:
"From and after the time the declaration is filed for
record, the premises therein described constitute a
homestead. . . . . But in no case shall it be held liable
for the debts of the owner, only except as provided in
this title."   The judgment held by plaintiff was not one
of the debts provided for by that title of the code, and
necessarily the homestead was entirely exempt from its
effect and operation.   The case, in principle, appears
to be similar to *Roth* v. *Insley*, 86 Cal. 134, where this
court said: "Under the plain language of the statute
just quoted it would appear that, when the homestead
was once declared, it remained as such, always exempt
from forced sale as against any liability of the owner,
only except as provided in the provisions of the title of
which it was a part.   And, as the debt here was not one

for which under that title the property was liable, it must follow that the attempt to sell the property was forbidden by law, and a sale could vest no title in the purchaser."

For the foregoing reasons, the judgment is affirmed.

HARRISON, J., and VAN FLEET, J., concurred.