[L. A. No. 1550.   Department Two.—January 28, 1905.]

In the Matter of the Estate of CATHERINE GEARY, Deceased.   DANIEL GEARY, Respondent, v. MARY ELLEN BOARDMAN, Appellant.

APPEAL—PROBATE LITIGATION—PRACTICE—NEW TRIAL—BILL OF EXCEPTIONS.—The disposition of many attorneys to inject the procedure of a motion for a new trial into probate litigation uselessly raises difficult questions.   The merits of an appeal from a probate order can ordinarily be fully reached on a bill of exceptions to the order itself which is sought to be reviewed.

ID.—PROBATE HOMESTEAD—DECLARATION UPON COMMUNITY PROPERTY—CONVEYANCES—ESTATE OF DECEASED WIFE.—Where a homestead was declared upon community property, and the husband alone thereafter conveyed it to a third person, who subsequently conveyed it to the wife, the surviving husband upon the administration of the estate of the deceased wife is entitled to have the homestead set apart to him absolutely.   The conveyance by the husband alone passed no title where it does not appear to be in trust for the wife, and the deed of his grantee to the wife conveyed nothing, even if the husband consented to or directed it.

ID.—SUFFIENCY OF DESCRIPTION IN DECLARATION—IDENTITY—ERRONEOUS DESCRIPTION DISREGARDED.—Where the declaration of homestead described the land by name as a lot of one hundred and sixty acres on which the husband had resided with his family for three years, which was then unsurveyed public land of the United States, an attempted description by legal subdivisions which, after the government survey, was found to be incorrect, may be disregarded as surplusage, there being a sufficient description to identify the premises.

APPEAL from an order of the Superior Court of San Diego County setting apart a probate homestead and denying a new trial.   N. H. Conklin, Judge.

The facts are stated in the opinion of the court.

Luce & Sloane, for Appellant.

Lands described under a general name must designate a tract with well-defined boundaries. (*Truett* v. *Adams,* 60 Cal. 218; *Burnett* v. *Kullak,* 76 Cal. 535; *Haley* v. *Amestoy,* 44 Cal. 132.) The construction of the description is for the court, and parol evidence is not admissible to control its legal effect. (*Fratt* v. *Woodward,* 32 Cal. 219;[1] *Parker* v. *Kane,* 22 How. 1; *Winter* v. *White,* 70 Md. 305; *Benedict* v. *Gaylord,* 11 Conn. 332.[2]) A conveyance by the husband to the wife of homestead property vests title in the wife. (*Burkett* v. *Burkett,* 78 Cal. 310;[3] *Pryal* v. *Pryal,* 71 Pac. 822; Thompson on Homestead, sec. 473.) The same rule applies to transfer of the homestead to the wife through a third person. (*Stevens* v. *Castel,* 63 Mich. 111; *Reihl* v. *Bingenheimer,* 28 Wis. 84.)

J. B. Mannix, for Respondent.

The proceeding upon motion for new trial is not applicable, and the statement cannot be used upon appeal from the original order setting apart the homestead. (*Estate of Franklin,* 133 Cal. 507, 508.) The description in the declaration of homestead was sufficient, and the erroneous description by sections upon unsurveyed lands cannot affect its validity. The declaration should be construed so as to uphold rather than defeat it. (*Ornbaum* v. *Creditors,* 61 Cal. 455; *Schuyler* v. *Broughton,* 76 Cal. 524; *Keyes* v. *Cyrus,* 100 Cal. 322;[4] *Simonson* v. *Burr,* 121 Cal. 585; *Estate of Levy,* 141 Cal. 646.[5]) The designation by name and residence of the family was sufficient to identify the land. (*In re Ogburn,* 105 Cal. 97; *Castro* v. *Gill,* 5 Cal. 40; *Ousby* v. *Jones,* 73 N. Y. 621; *Paroni* v. *Ellison,* 14 Nev. 60; *Trentman* v. *Neff,* 124 Ind. 503.) The false or mistaken part should be rejected. (*Stanley* v. *Green,* 12 Cal. 165; *Castro* v. *Gill,* 5 Cal. 40; *Raymond* v. *Coffey,* 5 Or. 132, 135; 2 Devlin on Deeds, secs. 1038-1042.) The conveyances passed no title to the homestead. (Civ. Code, secs. 1242, 1243; *Barber* v. *Babel,* 36 Cal. 11, 18-20; *Gagliardo* v. *Dumont,* 54 Cal. 496, 500, 501; *Powell* v. *Patison,* 100 Cal. 236, 238;

[1] 91 Am. Dec. 573.
[2] 29 Am. Dec. 299.
[3] 12 Am. St. Rep. 580.
[4] 38 Am. St. Rep. 296.
[5] 99 Am. St. Rep. 92.

*Gleason* v. *Spray,* 81 Cal. 217;[1] *Sanders* v. *Russell,* 86 Cal.
119;[2] *Hart* v. *Church,* 126 Cal. 471, 477, 479, 480;[3] *Gordon*
v. *City of San Diego,* 101 Cal. 522;[4] *Lange* v. *Geiser,* 138
Cal. 682, 684; *Freiermuth* v. *Steigleman,* 130 Cal. 392;[5] *Dickinson* v. *McLane,* 57 N. H. 31; 11 Am. & Eng. Ency. of Law,
2d ed., 393; 15 Am. & Eng. Ency. of Law, 2d ed., 659, 660,
661, 686, 687; *Connor* v. *McMurray,* 2 Allen, 204; *Cumps*
v. *Kiyo,* 104 Wis. 656.) The finding against a trust for the
wife is sustained by the evidence, and Blochman took no title
and could convey none to his wife.

McFARLAND, J.—In the administration of the estate of
Catherine Geary, deceased, her surviving husband, Daniel
Geary, petitioned the court to set off to him as a homestead
certain lands described in the petition, under sections 1474,
1475 et seq. of the Code of Civil Procedure. The court made
the order setting off the homestead as prayed for. The contestant made a motion for a new trial, and for the purposes of
such motion presented and had settled a statement. The
motion for a new trial was denied; and contestant appeals
from the order setting off the homestead, and also from the
order denying the motion for a new trial. On the appeal
from the first order there is no bill of exceptions.

Respondent contends that the motion for a new trial was
entirely unwarranted, and the appeal therefrom cannot be
considered (citing *Estate of Franklin,* 133 Cal. 584, and other
cases), and that, as there is no bill of exceptions to the original order, this appeal must be considered on the judgment-roll alone. Under our views of the case, it is not necessary
to decide this question, and we will not do so. But it is perhaps well to remark that the disposition of many· attorneys
to inject the procedure of a motion for a new trial into
probate litigation uselessly raises difficult questions. The
merits of an appeal from a probate order can ordinarily be
fully reached on a bill of exceptions to the order itself which
is sought to be reviewed.

Appellant's first contention is, that the declaration of homestead on which respondent relies is fatally defective for

[1] 15 Am. St. Rep. 47.          [4] 40 Am. St. Rep. 73.
[2] 21 Am. St. Rep. 26, and note.          [5] 80 Am. St. Rep. 138.
[3] 77 Am. St. Rep. 195.

want of a sufficient description of the homestead premises; but, in our opinion, this contention is not maintainable. The premises consist of a tract of one hundred and sixty acres, which at the time of the declaration of homestead was upon unsurveyed United States public lands in an unsettled region of country. Petitioner went upon the land with his family, consisting of his wife and her daughter, and at that time there was on the land a small adobe house which he occupied. A couple of months afterwards he built a frame house, into which he moved with his family. He plowed some of the land, built a brush fence around ten or fifteen acres, and put in a crop. A couple of years afterwards he built a larger frame house, into which he moved with his family, built a board fence where the brush fence had been, built a stone fence around a large corral, fenced in an additional forty acres with a board fence, and used the land for farming and cattle-raising. He located and claimed one hundred and sixty acres, and marked it by a pile of stones at each corner. His place was known as "Vicetus," and afterwards as "Geary's Ranch." In his declaration of homestead the land is first described as a lot of one hundred and sixty acres, "on which I now reside with my family," in San Diego County, California, and then follows an attempted description by legal subdivisions, which, after the land had been surveyed by the United States government, was found to be incorrect. But the description continues as follows: "Said homestead known by the name of 'Geary's Ranch,' and being the piece of or parcel of land occupied by me and my family nearly three years from the date hereof, together with all the improvements thereon, and it is my intention to use and claim the said lot of land and premises, together with the dwelling-house thereon and its appurtenances, as a homestead, and I do hereby select and claim the same as a homestead," etc. This description by name designated with sufficient certainty the premises intended to be covered by the declaration of homestead; and the other erroneous descriptions by legal subdivisions may be disregarded. It was no doubt unwise to attempt to describe the land by imaginary legal subdivisions which then had no existence, and the lines of which when afterwards established could only be guessed at. It was an isolated place on which petitioner lived with his family and

had marked by monuments, upon which he had erected build-
ings and fences, and thus distinguished it from the wild
country around it; and as this place was known as "Geary's
Ranch," the description by that name was, under the circum-
stances, sufficient.  Petitioner afterwards obtained a United
States patent for the land after it had been surveyed, which
described it by correct legal subdivisions as they then had
been established.  It was averred in the petition that the
land thus patented was the same land upon which he had
placed his declaration of homestead, and the court so found
upon sufficient evidence to sustain the finding.  We think,
therefore, that the point that the declaration of homestead
is void for want of sufficient description of the homestead
premises is not tenable.  (See *Stanley* v. *Green*, 12 Cal. 148,
where Field, J., delivering the opinion of the court, elabor-
ately discusses the subject.)  There was also a subsequent
declaration of homestead by petitioner's wife, which need not
be noticed.

The other main point made by appellant is, that before the
death of petitioner's wife he conveyed to her the said home-
stead premises, and thus lost his homestead right therein—
or, at least, only retained the right to have the homestead
set apart to him for a limited period.  But petitioner did not
convey the premises to his wife; and therefore we need not
consider the vexed question as to what extent, if any, the
conveyance by a husband to his wife of homestead premises
affects his homestead right therein.  In November, 1887, the
petitioner executed a deed to one L. A. Blochman, purporting
to convey the said homestead premises in fee to said Bloch-
man; but petitioner's wife did not join in this deed.  About
two years afterward Blochman executed a deed purporting
to convey said premises in fee to petitioner's wife, Catherine
Geary, who was then living.  It was averred in appellant's
answer that the said deed from petitioner to Blochman was
made "in trust for and with the understanding and agree-
ment that said L. A. Blochman should thereafter deed and
convey the said premises to the said Catherine Geary as her
separate property"; and it is contended that the deed to
Blochman and the deed from the latter to Catherine should
be taken as substantially a direct conveyance from petitioner
to his wife.  But the court found that the deed to Blochman

was not in trust for Mrs. Geary, "nor was the same executed for the purpose or with any understanding or agreement that said L. A. Blochman should thereafter deed or reconvey the said premises to the said Catherine Geary"; and this finding is amply supported by the evidence, for it appears very clearly that it was made for an entirely different purpose. Therefore, the deed of the homestead premises to Blochman by the petitioner alone did not convey any title to the former, and, of course, his deed to Catherine conveyed nothing, even if petitioner consented to or directed it.

The foregoing conclusions as to the two main points above noticed are determinative of the other contentions of appellant, which are merely incidental to the main points, and we see nothing further in the case which calls for special notice.

The orders appealed from are affirmed.

Lorigan, J., and Henshaw, J., concurred.