[Civ. No. 2547. First Appellate District.—August 20, 1918.]

ALICE MORAND, Respondent, v. JENNIE HOYERDAHL, et al., Appellants.

HOMESTEAD — SELECTION BY MARRIED PERSON — DECLARATION UNDER STATUTE OF 1860 — STATEMENT OF MARRIED STATUS.—Under the homestead statute of 1860 (Stats. 1860, p. 311), providing that the selection of a homestead shall be made "by either the husband or

wife or both of them, or other head of a family" declaring their intention to claim the same, and that such declaration shall state that "they or either of them are married, or if not married, that he or she is the head of a family," a declaration by a married man on July 26, 1872, when that law was in force, which stated that he was the head of a family, but did not state that he was married, was insufficient to meet the requirement of the statute.

APPEAL from a judgment of the Superior Court of Mendocino County. J. Q. White, Judge.

The facts are stated in the opinion of the court.

Mannon & Mannon, for Appellants.

J. K. Peirsol and G. E. Redwine, for Respondent.

LENNON, P. J.—Plaintiff sought a judgment quieting her title to an undivided one-half interest in certain real property situate in Mendocino County. The defendants, Jennie Hoyerdahl and C. M. Mannon, appeared and answered, alleging that the defendant Hoyerdahl is the owner of the whole of the property described in the complaint, that defendant Mannon has a first mortgage on all of Mrs. Hoyerdahl's interest, and that the plaintiff has no right whatever in the property. At the trial the parties stipulated to the effect that if a certain declaration of homestead, recorded by one Louis Morand July 26, 1872, was sufficient in form, the title to all of the real property in question belongs to defendant Hoyerdahl, subject to a mortgage to defendant Mannon, but that if the said declaration is insufficient in form, the title is vested an undivided one-half in plaintiff and the other half in Hoyerdahl, subject to the mortgage before mentioned. It was also stipulated by the parties that Louis Morand was married at the time of the execution of the declaration of homestead in question.

The lower court held the declaration of homestead insufficient in that it failed to state that the declarant was married, and accordingly awarded an undivided one-half of the property to the plaintiff. From this judgment defendants appeal.

The declaration of homestead contained the statement: "And I do hereby declare in writing that I am the head of a family, that I have selected said property as a homestead and

that it is my intention to use and claim the same as a homestead, and that I am at the time of making this declaration residing with my family and the persons under my care and maintenance on the premises hereinafore described.''

It is contended that the statement in the declaration of homestead, ''I am the head of a family,'' is a sufficient compliance with the statute.

The statute in force at the time of the making and filing of the declaration reads as follows:

''Said selection shall be made by either the husband or wife or both of them, or other head of a family, declaring their intention in writing to claim the same as a homestead. Said declaration shall state that they or either of them are married, or if not married, that he or she is the head of a family; that they or either of them, as the case may be, are, at the time of making such declaration, residing with their family or the person under their care and maintenance on the premises, particularly describing said premises, and that it is their intention to use and claim the same as a homestead.'' (Stats. 1860, p. 311.)

The statute names two classes of persons who may select a homestead, (1) the husband and wife or either of them, or (2) any other person who is the head of a family, and the statute makes the requirements as to the contents of the declaration of homestead depend upon which of these two classes the claimant belongs. In this connection it is to be noted that the language of the statute is in the disjunctive. To hold, as contended by appellants, that the requirement is in the alternative and that the statute should be construed to read that the declaration shall state ''that they . . . are married or that he or she is the head of a family'' would be to reject that portion of the statute ''that they or either of them are married, or if not married,'' as surplusage. Courts are not inclined to adopt a construction of a statute which renders some part of it meaningless and of no effect. It is presumed that the legislature in making this statute intended, as the language imports, that a married person in selecting a homestead should state in the declaration that he is married. The statement in the declaration of homestead, ''I am the head of a family,'' is not a statement that the declarant was married, and as there was no statement in the declaration

which would tend to show that fact, the requirement of the statute has not been met.

Judgment affirmed.

Beasly, J., *pro tem.,* and Sturtevant, J., *pro tem.,* concurred.