[Civ. No. 3189. Second Appellate District, Division Two.—April 20, 1920.]

JOHN MICHELS, Respondent, v. JOHN F. BURKHARD et al., Defendants; EMMA A. BURKHARD, Appellant.

[1] HOMESTEAD—DECLARATION BY WIFE—MOTIVE—COMPLIANCE WITH STATUTE.—It is immaterial what the motive of the wife may be in declaring a homestead for the joint benefit of herself and her husband on property standing of record in the name of the latter, as it is not legally incumbent upon her to give any reason for her action. All she needs to do is to comply with the statute.

[2] ID.—PRESENCE OF BAD MOTIVE—EFFECT OF DECLARATION—JOINT BENEFIT—LEGAL IMPLICATION.—Even though the wife's purpose in declaring a homestead on property standing of record in the name of the husband is to harass and annoy the latter and to cloud the title to the property, when the declaration of homestead is so made and recorded it places the property described therein beyond the reach of the creditors of the husband, or sale upon execution for his debts, etc., as effectually as though he filed the same himself and to that extent, the declaration is, by legal implication, for their joint benefit.

APPEAL from a judgment of the Superior Court of Los Angeles County. John W. Shenk, Judge. Reversed.

The facts are stated in the opinion of the court.

W. S. Knott for Appellant.

Samuel D. Weil for Respondent.

THOMAS, J.—This is an action to quiet title. The complaint is in the usual form. The answer of the defendant Emma A. Burkhard is a general denial of the material allegations of the complaint. By way of further defense she sets up an alleged declaration of homestead, made, executed, and recorded by her in the year 1912, covering the property involved in this action—which declaration contains recitations that she is actually residing on such property with her family, a son, and that her husband has never made a declaration of homestead on said property or "executed any document claiming a homestead" therein—alleging that there

has been no abandonment or conveyance of the same; that it is in full force and effect and that all the property described in said declaration of homestead is community property, having been acquired by defendants after their marriage otherwise than by gift, devise or descent.

As a "third defense" defendant Emma A. Burkhard alleges that on January 6, 1914, a certain action was pending in the superior court of Los Angeles County, in which she was plaintiff and John F. Burkhard, her codefendant here, was defendant; that said action was an action for her own support and maintenance; that on said last-mentioned date said cause was tried; that the court gave judgment therein decreeing that said defendant pay to said plaintiff the sum of thirty-five dollars per month, and decreeing said judgment a first lien on the land referred to in the present proceeding, as well as other real property not in controversy here; that said judgment was, on the sixteenth day of June, 1914, duly recorded, etc., and that the same has never been reversed, modified or appealed from.

Defendant John F. Burkhard did not answer.

The court found for the plaintiff, after trial of the issues so presented, holding plaintiff to be the owner of the land described in his complaint, "subject only to the lien of a certain decree"—the decree granting support, etc., above referred to. The findings further declare "that claim of defendants, and each and either of them, of any estate or interest in or to any" of said land, "except by virtue of said lien," is without any right whatever; that defendants are now, and at all times mentioned in the complaint were, husband and wife; that defendant Emma A. Burkhard executed said declaration of homestead, and "that all the facts stated in said declaration are true, except as follows: It is not true that the said defendant, Emma A. Burkhard, at the time she executed or acknowledged the said declaration of homestead, or at any time since, made the said declaration with the intention that it was or should be for the joint benefit of herself and her husband, John F. Burkhard, but she made the said declaration for her sole benefit and for the purpose of harassing and annoying her said husband, and to cloud the title of the real property therein sought to be claimed as a homestead." Judgment was entered accord-

ingly. Defendant Emma A. Burkhard appeals from that portion of the judgment adverse to her.

The only point before us is the validity of the alleged homestead. It is urged by appellant that the finding of the lower court that "it is not true that said defendant Emma A. Burkhard, at the time she executed or acknowledged the said declaration of homestead, or at any time since, made the declaration with the intention that it was or should be for the joint benefit of herself and her said husband, John F. Burkhard, but she made the said declaration for her sole benefit and to cloud the title to the real property therein sought to be claimed as a homestead," is not supported by any evidence, and is against the law. Many cases are cited by appellant, presumably in support of this contention. All, however, go to the question of disclosing the object and purpose of the homestead laws, and give reasons why the description of the property in controversy in the various cases was sufficient—neither of which propositions is at issue here. We therefore consider none of the cases cited in point.

"The burden of showing not only the declaration of the homestead and the recording of the declaration, but also of showing that she was a resident upon the property at the time the declaration was made and recorded, rested upon the plaintiff." (*Machado* v. *Machado,* 36 Cal. App. 646, [172 Pac. 1124].) We think this requirement was fully met in this case. It is stipulated that ever since November 6, 1901, up to and including November 30, 1912, the record and legal title to this property was in the said defendant husband, and that the latter had not at any time declared or selected the same as a homestead. The record shows that the defendant Emma A. Burkhard brought an action against her husband, John F. Burkhard, in August, 1912, and secured from the court an order excluding him from the premises occupied by them jointly as their home, and that he, the said husband, had complied with said order, having promptly left the premises in question. This order was in full force and effect in November, 1912, the date when the alleged declaration of homestead was executed and recorded by the defendant Emma A. Burkhard. The divorce case was tried in January, 1914, and by the trial court in that action the defendant Emma A. Burkhard, plaintiff there, was ordered from the premises in controversy here to other property

known as the "Elm property," and immediately thereafter she complied with such order, since when neither she nor her son, or either of them, has resided on said premises. On March 21, 1917, the defendant John F. Burkhard made, executed, and delivered to the plaintiff here a deed to the property in question, which instrument was recorded the next day.

[1] As we have already seen, the court found "that all the facts stated in said declaration are true, except as follows: *It is not true that said defendant, Emma A. Burkhard, at the time she executed or acknowledged the said declaration of homestead, or at any time since, made the said declaration with the intention that it was or should be for the joint benefit of herself and her said husband, John F. Burkhard, but she made the said declaration for her sole benefit and for the purpose of harassing and annoying her said husband and to cloud the title to the real property therein sought to be claimed as a homestead."* (Italics ours.) We think this finding in effect says: "The declaration of homestead as made and recorded complied in every way with the statutory requirement, but the motive prompting the making of the same is questioned." In our opinion it is immaterial what the motive of the wife may have been, as it is not legally incumbent upon her to give any reason for her action. All she needs to do is to comply with the statute. (*Farley* v. *Hopkins*, 79 Cal. 203, [21 Pac. 737].) This she unquestionably did. [2] Even although we assume that the wife's motive was entirely bad, as found by the court, the facts still remain that, as a matter of law, when the said declaration of homestead was so made and recorded it actually placed the property described therein beyond the reach of creditors of her husband, or sale upon execution for his debts, etc., as effectively as though he had filed the same himself. To this extent, therefore, the declaration was made for their joint benefit. We think this legal implication, even standing alone, sufficient to support the statement that the declaration was made for their joint benefit. To hold otherwise would be tantamount to denying the very right vouchsafed the wife under the specific terms of the statute. Subdivision 2 of the section covering this phase of the matter, too, would seem to preclude the idea that residence on the property in question by *both* spouses is necessary. At

any rate, it is conceded that the declaration here involved complies with section 1263 of the Civil Code in every particular.

For this reason we hold that the court erred in concluding from the legal facts found that the declaration in question was "null and void and of no effect," and that such error was prejudicial to the rights of this appealing defendant.

Judgment reversed.

Finlayson, P. J., and Sloane, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 17, 1920.

All the Justices concurred.