[L. A. No. 6103.   Department Two.—September 11, 1920.]

SANTA BARBARA LUMBER COMPANY, (a Corporation), Respondent, v. JAMES ROSS, Sheriff, etc., et al., Appellants.

[1] Homestead—Declaration by Wife—Statement That Husband had not Made Declaration—Purpose of Code Requirement.— The purpose of the requirement of section 1263 of the Civil Code that a wife's declaration of homestead must contain a statement showing that her husband has not made such declaration is to show that the husband and wife are not, because of the wife's declaration, claiming two homesteads, that is, that the right of a family to a homestead has not been previously effectively asserted by the husband.

[2] Id.—Sufficiency of Declaration.—The statement in a declaration of homestead by a wife that the husband has not made *a* declaration of homestead is sufficient in form.

CLXXXIII—42

[3] Pleading—Facts of Public Record—Form of Denial.—Facts which are of public record must be deemed to be admitted by failure to directly deny the same.

[4] Mortgage of Homestead — Right of Claimants.—Homestead claimants have a right to execute a mortgage upon the homestead, and both joining therein the mortgagor can on their default foreclose the mortgage and secure title thereto.

[5] Id.—Intent to Mortgage Homestead—Valid Declaration.—An intent to execute a mortgage on a homestead at the time of the making of the declaration is not inconsistent with a *bona fide* claim of a homestead.

APPEAL from a judgment of the Superior Court of Santa Barbara County. S. E. Crow, Judge. Affirmed.

The facts are stated in the opinion of the court.

R. W. Cantrell for Appellants.

W. G. Griffith for Respondent.

WILBUR, J.—Defendants' appeal turns upon the exemption from execution of premises covered by a homestead declaration by Antonina Cicero, April 28, 1913, held valid by the trial court. By foreclosure of their deed, given as security, the plaintiff has succeeded to the rights of Carmelo Cicero and his wife, Antonina Cicero, in and to the premises claimed as a homestead. It is admitted by the pleadings that the husband and wife resided upon the premises, owned by them as tenants in common, at the time of the declaration of homestead by the wife, and up to the time of the trial had resided thereon continuously. Defendant Ott Hardware Company having secured a judgment on April 9, 1915, against Carmelo Cicero for $1,031.25, claiming that the homestead declaration was fraudulent and void, directed the defendant sheriff to sell the premises in satisfaction of the judgment. He was proceeding to do so when this action was brought to enjoin the sale. Plaintiff's demurrers to defendants' answer and cross-complaint were sustained. The defendants declined to amend and judgment was rendered in favor of the plaintiff upon proof of the allegations of its complaint. Defendants appeal. Preliminarily defendants claim that the declaration of homestead is insufficient in form

for the reason that it contains a statement that the husband "has not made *a* declaration of homestead." whereas the statute (Civ. Code, sec. 1263) requires that the wife's declaration of homestead must contain a statement "showing that her husband has not made *such* declaration." (Italics ours.) **[1]** The purpose of this requirement is to show that the husband and wife are not, because of the wife's declaration, claiming two homesteads, that is, that the right of the family to a homestead has not been previously effectively asserted by the husband. **[2]** The declaration was sufficient for that purpose and is admitted to be true. The answer and cross-complaint admitted every requirement necessary to make the premises a homestead excepting only that defendants alleged there was no *intention* on the part of the wife to claim the premises as a homestead. This allegation is supplemented by other affirmative allegations that the homestead was filed for a fraudulent purpose, namely, to prefer the plaintiff as a creditor over the defendant Ott Hardware Company, which on April 12, 1913, before the declaration of the homestead (April 28, 1913) had caused an attachment to be levied upon the property, and that the homestead was filed for the purpose of defeating this attachment. On May 12, 1913, the husband and wife made a deed to the plaintiff. Plaintiff alleges that this deed was in legal effect a mortgage to secure a claim owing by the husband and wife to it, and that subsequently this deed was foreclosed, and that the husband and wife still resided on the premises and had an equity of redemption therein. **[3]** While the foreclosure and sale thereunder are denied for want of information and belief, the facts are of public record and therefore must be deemed to be admitted by failure to directly deny the same. (*Mulcahy* v. *Buckley*, 100 Cal. 484, 487, [35 Pac. 144]; *Mullally* v. *Townsend*, 119 Cal. 47, 53, [50 Pac. 1066].) The claim of the appellants, then, amounts to this, that at the time the husband and wife claimed the property as a homestead they intended to execute a mortgage thereon in favor of a creditor and for the purpose of preferring that creditor over the defendant Ott Hardware Company's claim. The allegations of fraudulent purpose and conspiracy between the creditor and the homestead claimants amount to nothing. The purpose of the homestead law is to exempt the home from execution. **[4]** The homestead claimants have a right

to execute a mortgage upon the homestead, and both joining therein the mortgagee can on their default foreclose the mortgage and secure title thereto. The attempt to do these things could not constitute fraud, for they are expressly permitted by law. In its last analysis the claim of the appellants is that a homestead cannot be claimed if at the time it is claimed the parties intend to execute a mortgage thereon. [5] This intent is not inconsistent with a *bona fide* claim of a homestead. In view of the admissions in the pleadings that the husband and wife resided in their dwelling-house upon the property at the time of the declaration of the homestead, and continued to reside therein for at least two years thereafter, the allegation that they had no intention to claim said property as a homestead does not raise an issue, for the admissions of the pleadings concerning the actual residence establish the necessary intention. It is not necessary for us to decide what the result would have been if immediately upon the filing of the declaration of homestead the claimants had conveyed the property without consideration, or in consideration of an antecedent indebtedness, and had thereupon surrendered the possession of the premises, intending so to do at the time the declaration was made and recorded. No such question is involved.

Judgment affirmed.

Lennon, J., and Sloane, J., concurred.