[Civ. No. 20469.   Second Dist., Div. Three.   Mar. 22, 1955.]

JOSEPHINE A. JOHNSON, Respondent, v. F. JOSEPH
BRAUNER, Appellant.

714

Avery M. Blount for Appellant.

Victor M. Reid, Jr., for Respondent.

ASHBURN, J. pro tem.*—This case turns upon the sufficiency of the form of a declaration of homestead made by plaintiff upon certain property owned by her and her husband as joint tenants.

On and prior to June 27, 1951, plaintiff-respondent Josephine A. Johnson and her husband James R. Johnson were vested as joint tenants with title to the real property in question; on that day the husband, without consideration, executed a quitclaim deed in favor of the wife, same being recorded two days later. On the day of the deed, the 27th, defendant-appellant Brauner caused an attachment to be levied upon the husband's interest. Neither party introduced any evidence to show which was done at an earlier hour—delivery of the quitclaim or levy of attachment. But the fact, whatever it may be, has no controlling significance, as will appear. In due course the case giving rise to the attachment went to judgment against James R. Johnson (on December 28, 1951), and an abstract of judgment was recorded on January 8, 1952. Writ of execution issued and an execution sale of Mr. Johnson's interest in the property was held on April 28, 1952, defendant Brauner buying it in for $5,000. All this was done without any open recognition of the existence of a homestead on the property, i. e., without pursuing the method of subjecting homesteaded property to execution and sale as provided in Civil Code, sections 1245-1259.

On July 14, 1951, plaintiff executed a declaration of homestead which was recorded on the 16th. This was after

*Assigned by Chairman of Judicial Council.

the attachment and before judgment. Counsel agree, and it is the law, that the homestead, if valid, would defeat the attachment. (*Yager* v. *Yager*, 7 Cal.2d 213, 217 [60 P.2d 422, 106 A.L.R. 664]; *Lucci* v. *United Credit & Collection Co.*, 220 Cal. 492, 496 [31 P.2d 369]; *Jacobson* v. *Pope & Talbot*, 214 Cal. 758, 760 [7 P.2d 1017].) ■ It is likewise indisputable that failure to pursue the statutory procedure for sale of a homesteaded property renders an execution sale void. (13 Cal.Jur. § 139, p. 565; *City Store* v. *Cofer*, 111 Cal. 482 [44 P. 168]; *Walton* v. *Walton*, 59 Cal.App.2d 26, 30 [138 P.2d 54]; *Jacobson* v. *Pope & Talbot, supra.*) (The debt owing to Brauner did not fall within any of the exceptions to this rule, specified in section 1241, Civil Code.) If the homestead was invalid for any reason Brauner has good title; if it was valid he acquired no rights through his attachment and execution sale.

This action was brought by Mrs. Johnson to quiet title against the Brauner claims. The trial judge found "that it is true that said declaration of homestead contains all of the averments required by law," concluded that "the homestead of plaintiff on said premises is a valid one," and rendered judgment for plaintiff, from which judgment defendant has appealed.

■ The pertinent portions of the declaration are these: "That I, JOSEPHINE A. JOHNSON, do hereby declare that I am married, that my husband's name is JAMES R. JOHNSON, and that I do now, at the time of making this declaration, actually reside on the premises hereinafter described, and that I claim said premises as a Homestead. . . . That I estimate the actual cash value of said premises to be $7500.00. That no former Declaration of Homestead has been made by me, or by my husband, James R. Johnson, and the property so sought to be homesteaded, is a single residence with garage, located at 1510 Hill Street, Santa Monica, California." Appellant assails it upon the ground that it does not contain the statutory phrase "that she therefore makes the declaration for their joint benefit" found in section 1263, Civil Code. That section, so far as its mandatory provisions are concerned, is as follows: "[Contents of declaration: Recorded declaration as evidence.] The declaration of homestead must contain:

"1. A statement showing that the person making it is the head of a family, and if the claimant is married, the name of the spouse; or, when the declaration is made by the wife,

showing that her husband has not made such declaration and that she therefore makes the declaration for their joint benefit;

"2. A statement that the person making it is residing on the premises, and claims them as a homestead;

"3. A description of the premises;

"4. An estimate of their actual cash value;"

And counsel invokes the strict construction rule which is voiced in *Jones* v. *Gunn*, 149 Cal. 687, 689 [87 P. 577]: " 'While it is true that homestead and exemption laws are remedial and, generally, must be liberally construed in order to effect the purposes intended thereby, yet it is equally true that homesteads and homestead exemptions are the creatures of statute, and that the failure to comply with any statutory requirement essential to a valid declaration of homestead cannot be supplied by liberal construction. Indeed, the supreme court of this state has generally held that homestead claimants must quite strictly comply with the statutory requirements as (formerly) to wife's acknowledgment (*Beck* v. *Soward*, 76 Cal. [527] 530 [18 P. 650]); as to head of family (*Reed* v. *Englehart-Davidson etc. Co.*, 126 Cal. 527 [58 P. 1063, 77 Am.St.Rep. 206]); as to residence on premises (*Boreham* v. *Byrne*, 83 Cal. 27 [23 P. 213]); as to statement of husband's failure to make declaration (*Cunha* v. *Hughes*, 122 Cal. 113 [54 P. 535, 68 Am.St.Rep. 27]); and as to estimate of the actual cash value of the premises, etc. (*Tappendorff* v. *Moranda*, 134 Cal. 421 [66 P. 491].)' "

The trial judge impliedly found that the quoted statutory phrase is not necessary to a valid declaration. In his memorandum explaining the ruling he invoked the doctrine of substantial compliance, saying: "The Court finds that the declaration of homestead executed and filed by the plaintiff and referred to in the above entitled matter, substantially complies with the requirements of Civil Code 1263 (1) notwithstanding the fact that such declaration does not contain the precise words that the declaration is made for the joint benefit of husband and wife."

There are two apparently conflicting lines of decisions in this state, applying as occasion demands the "strict construction" or the "substantial compliance" rule. But they are not irreconcilable. And the necessity and basis for harmonizing them were foreshadowed in *Southwick* v. *Davis*, 78 Cal. 504 [21 P. 121]. It was there held that a statement in the declaration that the property "does not exceed in value the sum of five thousand dollars" was sufficient com-

pliance with the requirement of "an estimate of their actual cash value." (Civ. Code, § 1263, subd. 4.) At page 507 the court said: "Of course, it was necessary for the legislature to provide some manner by which one desiring to claim a homestead should make a public declaration of the fact, and designate the particular premises intended to be so claimed. But surely statutory provisions to that end should not be subjected to the rule of strict construction. Statutes for the purpose of carrying out the constitutional command are remedial, and should be liberally, or at least fairly and reasonably, construed. The homestead right is not one to be industriously pinched, and circumscribed, and circumvented, and beaten back. If the *facts* of an honest homestead claim be present, a substantial compliance with statutory provisions about making the claim public should be deemed sufficient." And at page 508: "When these several acts have been substantially performed, and when the declaration contains the essence of the statutory requirements, the construction should be so liberal as to *advance* the object of the constitution and the statute."

A review of the authorities discloses that "when the declaration contains the essence of the statutory requirements" the courts have upheld a reasonably successful attempt to follow the prescribed form but that they have refused to dispense entirely with any of the essential matters set forth in subdivisions 1 to 4 of section 1263. This view is reflected by the opinion in *Feintech* v. *Weaver*, 50 Cal.App.2d 181, 183 [122 P.2d 606], wherein the court says: "There are California cases in which it would seem that the expressed rule of liberality has not always been followed, particularly in decisions involving homestead declarations, and in which a rather strict compliance with the provisions of the code has been required. Most of these cases have held declarations invalid because of the *omission* of some one of the matters required by the code to be included in them." (Emphasis added.) In that case declarant used a printed form designed for a $5,000 homestead for the head of a family, but she was not in fact within that class. It was claimed that her statement that she was a family head destroyed the validity of the homestead. The declaration contained everything required of one who is not the head of a family and the court ruled as follows: "In the case at bar disregarding the recital that the claimant was the head of a family, treating it as surplusage, we have a declaration of homestead which con-

tains every element required by the Civil Code, and which would be upheld without question in any court. To give this effect to the instrument secures to the defendant the right to a home, which the Constitution of our state (art. XVII, § 1) enjoins the Legislature to protect.

"It is therefore concluded that the homestead declaration in this case should be given a liberal construction; that the recital in question is surplusage and unnecessary; and that there was a valid homestead upon the property in question which defeated the attempt of the judgment creditor to take title at an execution sale."

In the following cases, some of which are cited by appellant herein, the strict construction rule was applied in theory, but in fact it appeared that there had been a failure to comply substantially with one of the requirements of the statute.

In *Jones* v. *Gunn, supra,* 149 Cal. 687, 689, the description was such that it could not be ascertained just what property was claimed as a homestead.

In *Reid* v. *Englehart-Davidson etc. Co.,* 126 Cal. 527 [58 P. 1063, 77 Am.St.Rep. 206], the declaration of "R. M. Reid" did not say that declarant was head of the family; it did say "I am married, and that I do now actually reside with my family on that certain land" etc. Held, that the sex of R. M. Reid did not appear and therefore the court could not infer that declarant was in fact head of the family (p. 529). And of course the amount of permissible exemption from debts depended upon that phase of the declaration.

*Tappendorff* v. *Moranda,* 134 Cal. 419, 421 [66 P. 491], held insufficient an estimate of "actual *cost* value" given instead of the statutory "actual *cash* value." A statement that the value was "$5,000 and over" was held to be bad in *Ames* v. *Eldred,* 55 Cal. 136. In *Ashley* v. *Olmstead,* 54 Cal. 616, there was no estimate of value; held fatal to declaration.

*Morand* v. *Hoyerdahl,* 38 Cal.App. 76 [175 P. 483], dealt with a failure to state, as required by the 1860 statute, that declarant was a married man, as well as head of a family.

*Beck* v. *Soward,* 76 Cal. 527 [18 P. 650], held an insufficient acknowledgment of a married woman's declaration to be fatal.

In *Olds* v. *Thorington,* 47 Cal.App. 355 [190 P. 496], there was no statement that declarant resided on the premises.

*Boreham* v. *Byrne,* 83 Cal. 23 [23 P. 212], holds that an

allegation of possession is not the equivalent of a claim of residence.

In these cases—*Booth* v. *Galt,* 58 Cal. 254; *Cunha* v. *Hughes,* 122 Cal. 111 [54 P. 535, 68 Am.St.Rep. 27]; *Hansen* v. *Union Sav. Bank,* 148 Cal. 157 [82 P. 768]; *Schuler-Knox Co.* v. *Smith,* 62 Cal.App.2d 86 [144 P.2d 47]; *Crenshaw* v. *Smith,* 74 Cal.App.2d 255 [168 P.2d 752]—a wife's declaration contained neither a statement that the husband had not made a declaration nor one to the effect that she made it for their joint benefit. This was held fatal. A wife cannot file under section 1267, only under 1263 (p. 159 of 148 Cal.). And the statement that the husband has made no declaration is necessary to evidence the fact that the spouses are not claiming two homesteads (p. 159). (*Santa Barbara Lbr. Co.* v. *Ross,* 183 Cal. 657, 659 [192 P. 436].)

In the case at bar the declaration does say that "no former Declaration of Homestead has been made by me, or by my husband, James R. Johnson." That is the important point. The only thing omitted is the phrase "that she therefore makes the declaration for their joint benefit." We will presently discuss the question of whether this phrase has any significance. But we first examine the substantial performance cases.

That that approach should be made to the declaration seems self evident. ■ "The policy underlying all homestead legislation, whether providing for the selection of a homestead by a person during his lifetime or by the court for his family after his death, is as stated in *Estate of Fath,* 132 Cal. 609, 613 [64 P. 995], 'to provide a place for the family and its surviving members, where they may reside and enjoy the comforts of a home, freed from any anxiety that it may be taken from them against their will, either by reason of their own necessity or improvidence, or from the importunity of their creditors,' and to this end a liberal construction of the law and facts will be adopted by the courts." (*Estate of Kachigian,* 20 Cal.2d 787, 791 [128 P.2d 865].) This phrase "a liberal construction of the law and facts will be adopted by the courts" (or its equivalent) also occurs in *Lucci* v. *United Credit & Collection Co., supra,* 220 Cal. at 496 and *Marelli* v. *Keating,* 208 Cal. 528, 531 [282 P. 793]. The law is the work of the Legislature and the facts before the court are the result of the labors of counsel. If they are to be liberally construed to promote the beneficent purposes of homestead legislation, does it not follow inevitably that the same rule of

construction should apply to the acts of the homesteader himself, who often acts without aid of counsel and by use of a printed form? An affirmative answer lies in these cases.

*Simonson* v. *Burr,* 121 Cal. 582 [54 P. 87], upheld a declaration made jointly by husband and wife, over an objection that this was not permitted by the statute. There was no statement that the husband was head of the family. But the court recognized the implications of the writing and said at page 585: " 'The statute in reference to homesteads is a remedial measure, and as such is to be liberally construed.' And where the several acts required 'have been substantially performed, and where the declaration contains the essence of the statutory requirements, the construction should be so liberal as to advance the object of the constitution and statute.' (*Schuyler* v. *Broughton,* 76 Cal. 524 [18 P. 436]; *Southwick* v. *Davis,* 78 Cal. 504 [21 P. 121]; *Heathman* v. *Holmes,* 94 Cal. 291 [29 P. 404].)

"We think the declaration involved in this case shows a substantial performance of all the acts required by the statute, and that it was sufficient to create and establish a valid homestead upon the premises described therein. The declarants were husband and wife, and the husband was therefore the 'head of a family.' "

The same situation was presented in *Parker* v. *Riddell,* 41 Cal.App.2d 908, 916 [108 P.2d 88], and the homestead was upheld.

*Rich* v. *Ervin,* 86 Cal.App.2d 386, 390 [194 P.2d 809] says: "Where the required acts have been substantially performed the construction of the declaration should be liberal, but there must be a substantial compliance or the declaration will be strictly construed."

*Santa Barbara Lbr. Co.* v. *Ross, supra,* 183 Cal. 657, 659, held a slight departure from the statutory language did not vitiate the declaration because it was sufficient to accomplish the statutory purpose.

The opinion in *Donnelly* v. *Tregaskis,* 154 Cal. 261 [97 P. 421], was written by the same justice as *Jones* v. *Gunn, supra.* After citing that case to the effect that a description of the premises is essential to a valid declaration, Mr. Justice Henshaw said, at page 263: "To uphold homesteads, which are favored by the law, great liberality in this respect will be allowed, but the rule nevertheless obtains in full force, that the description must be sufficient so that the property may be identified in some legitimate manner."

In *Estate of Geary,* 146 Cal. 105, 108 [79 P. 855], reference in the description to certain nonexistent subdivisions was discarded as surplusage in order to sustain the homestead.

In *Farley* v. *Hopkins,* 79 Cal. 203, 206 [21 P. 737], the wife's declaration stated "I make this declaration for the joint benefit of myself and husband, and I declare that my husband has not made a declaration of homestead." This was attacked because it did not use the statutory phrase "that she *therefore* makes the declaration for their joint benefit." (Emphasis added.) The court: "When she declares that her husband has made no declaration of a homestead, thus showing a state of facts under which she can make a declaration, and then explicitly makes it, it would seem that the reason of her doing so, if any was needed to be shown, is apparent. The statute does not require her, in addition to showing her competency to make it and that she does make the declaration, to go further and state that the reason she makes it is that she is competent to do it because her husband has not made it." In other words, the substance rather than the exact form must control.

*Schuyler* v. *Broughton, supra,* 76 Cal. 524, holding sufficient a statement that the value was "a sum not to exceed sixteen hundred dollars," says at page 525: "The concurrence of several things are necessary under our statute before exemption can be allowed. Where these several acts have been substantially performed, and where the declaration contains the essence of the statutory requirements, the construction should be so liberal as to advance the object of the constitution and statute." At page 526: "Not that the plain provision of the statute can be dispensed with . . . but what is a substantial compliance with the terms of a statute is a question which is often to be determined by the nature, object, and effect of the act or acts set up as constituting compliance.

"We are far from commending the statement as to value used in the case as a precedent to be followed, and wish to be distinctly understood as only holding that it is not so positively bad as to render the declaration void."

*In re Stotler,* (So. Dist., Cal.) 114 F.Supp. 301, 304-305, holds a substantial compliance with the statute to be enough to make a valid declaration. And "I estimate the actual cash value of the land and premises hereinabove described to be _____ ($_____) Dollars" was held to be good as it meant no value.

*Michels* v. *Burkhard,* 47 Cal.App. 162 [190 P. 370]. The wife placed a homestead on the husband's separate property; the form of declaration complied with the statute in every respect but the lower court held that the wife did not in fact act for the joint benefit of the husband and herself and that the attempt to declare a homestead was ineffective. The ruling was reversed and the court said at page 165: ". . . as a matter of law, when the said declaration of homestead was so made and recorded it actually placed the property described therein beyond the reach of creditors of her husband, or sale upon execution for his debts, etc., as effectively as though he had filed the same himself. To this extent, therefore, the declaration was made for their joint benefit. We think this legal implication, even standing alone, sufficient to support the statement that the declaration was made for their joint benefit."

Respondent insists in the case before us that the implications of her declaration are sufficient to supply the place of a declaration that she acted for the joint benefit of herself and husband. ■ It is true that a "homestead is not only for the benefit of the judgment debtor, but to protect each and every member of his family." (*Yager* v. *Yager, supra,* 7 Cal.2d at 219.) And, as held in Michels case, *supra,* this is true even though the wife declares upon the husband's separate property. (See also 13 Cal.Jur. § 14, p. 433.) ■ It takes the signature of both spouses to effect an abandonment (Civ. Code, § 1243; 13 Cal.Jur. § 85, p. 513.) ■ And the exemption extends to the entire interest of both in the property. It has been specifically so held with respect to joint tenancies. This in the cases of *Swan* v. *Walden,* 156 Cal. 195 200 [103 P. 931, 134 Am.St.Rep. 118, 20 Ann.Cas. 194]; *Watson* v. *Peyton,* 10 Cal.2d 156, 159-160 [73 P.2d 906]; *In re Miller,* (So. Dist., Cal.) 27 F.Supp. 999. ■ And one of the spouses cannot destroy the total exemption through the device of a partition action. (*Walton* v. *Walton,* 59 Cal. App.2d 26, 36 [138 P.2d 54].)

The inescapable legal implication of a homestead declared by the wife is that the act is performed on behalf of the husband as well as herself. What function does a specific assertion of the fact upon the record have? It furnishes no useful information to creditors and says nothing which the law does not plainly imply. It does not bind the creditor in any respect. (*Apprate* v. *Faure,* 121 Cal. 466, 467 [53 P. 917]; *Rich* v. *Ervin, supra,* 86 Cal.App.2d 386, 390 [194 P.2d

809] ; 13 Cal.Jur. § 129 at p. 558; § 130 at p. 559; § 132, p. 560.) Nor can it be gainsaid by either spouse directly or indirectly. It neither adds to nor detracts from the legal effect of the wife's act. It is a useless formality if pursued. The same code which prescribes it says: "The law neither does nor requires idle acts." (Civ. Code, § 3532.)

We hold that the rule of liberal construction applies to a declaration of homestead; that a wife's declaration containing all prescribed matters other than the assertion "that she therefore makes the declaration for their joint benefit" accomplishes the full purpose of the statute; that its omission does not invalidate the homestead; that the plaintiff at bar did create a valid homestead upon the premises described in the pleadings; and that the court properly quieted her title against the claims of the defendant.

Judgment affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.