[Sac. No. 291. In Bank.—July 19, 1898.]

MARIANNA APPRATE, Appellant, v. JEAN FAURE, Respondent.

QUIETING TITLE — HOMESTEAD—FINDING — EVIDENCE— STIPULATION.—In an action to quiet title, a finding that the premises constituted the homestead of two of the defendants, husband and wife, is not sustained by evidence merely that a declaration of homestead containing the proper recitals was filed for record by the wife, without any attempt to prove the truth of the recitals therein contained, nor by a stipulation that a homestead was filed by the wife for the benefit of herself and husband. Such stipulation can only mean that a valid declaration of homestead was filed, and not that there was a valid homestead.

ID.—RECITALS IN DECLARATION OF HOMESTEAD — PROOF ALIUNDE.—The recitals in a declaration of homestead are mere ex parte statements of the declarant, and are not legitimate proof of the truth of the facts recited. The truth of the recitals must be proven aliunde, whenever the validity of the homestead is attacked.

APPEAL from a judgment of the Superior Court of Kings County and from an order denying a new trial. Justin Jacobs, Judge.

The facts are stated in the opinion of the court.

Horace L. Smith, W. D. Crichton, W. D. Foote, and Rowen Irvin, for Appellant.

Archibald Yell, for Respondent.

GAROUTTE, J.—This is an action to quiet title to a certain tract of land. The defendant Faure in his answer claims an interest therein. Judgment went for the defendant, from which, and from an order denying the motion for a new trial, this appeal is taken. Plaintiff should recover in the action unless defeated by reason of the claims of defendant founded upon a homestead.

The defendant rested his case upon the introduction in evidence of a declaration of homestead duly filed for record and containing all the recitals demanded by the statute, coupled with the additional evidence found in the stipulation of counsel to the effect "that there was a homestead filed on the premises in dispute by Mrs. Marguerite Belard for the benefit of herself and husband, and that the mortgage by F. Belard was executed and is a lien upon said premises." Based upon this stipulation and the declaration of homestead, the trial court made a finding of fact to the general effect that said premises constituted the homestead of Marguerite Belard and F. Belard. It is now insisted that this finding of fact has no support in the evidence, and this position of counsel is well taken. The recital of the facts stated by the homestead claimant in her declaration is no evidence of the truth of such recitals. The statements there made by Mrs. Belard are mere *ex parte* statements not under oath, and it would be a violation of all of the rules of evidence to allow such statements to be received as evidence against third parties. The introduction in evidence of the declaration of homestead alone served the purpose of showing a compliance with the law, which demands the filing for record of a declaration containing certain recitals. The truth of these recitals must be proven *aliunde* whenever the validity of the homestead is attacked. The rights of the homestead claimant are created by the filing of a declaration of homestead in the form specified by the statute, coupled with the actual present existence of the facts recited in the declaration. The existence of these facts at the time the declaration was filed was not attempted to be proven by defendant, and unless the stipulation, heretofore quoted, fills the breach in the evidence created by such failure of proof, the evidence is fatally weak. This stipulation is totally inadequate to meet the demands made upon it. The

stipulation is to the effect that "a homestead was filed on the premises by Mrs. Marguerite Belard for the benefit of herself and husband." This language can only mean that a declaration of homestead was filed, for nothing else can be filed. Giving the stipulation a broad interpretation, it can only mean that a valid declaration of homestead was filed. A valid homestead and a valid declaration of homestead are widely different. We conclude the evidence fails to support the finding of fact as to the existence of a homestead upon the premises.

For the foregoing reasons the judgment and order are reversed.

Temple, J., Harrison, J., and Van Fleet, J., concurred.