[S. F. No. 1926.   Department One.—December 23, 1901.]

# ROBERT J. LAYNG, Respondent, v. MOUNT SHASTA MINERAL SPRING COMPANY, Appellant.

NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—SUFFICIENCY OF EVIDENCE—REVIEW UPON APPEAL.—The questions whether the evidence is sufficient to show the negligence of the defendant, or the contributory negligence of the plaintiff, can only be considered and solved upon appeal as matter of law; and, upon appeal of the defendant, the evidence will be construed against him, and all conflict of testimony must be resolved in favor of the verdict of the jury.

ID.—LOADED WAGON DRIVEN OVER LEG OF PLAINTIFF—LEG IN FRONT OF UNHITCHED WAGON—ENGROSSMENT IN PROPER WORK—SUPPORT OF VERDICT.—Where there is evidence to show that plaintiff, as an expert mechanic, while engrossed in appropriate work, required of him by the defendant, was upon one knee, with his leg in front of an unhitched loaded wagon, which was subsequently hitched and driven over his leg, without warning, though the driver knew of his work, and could have seen his position of danger if he had looked, the verdict of the jury, that the defendant was negligent, and that the plaintiff was not guilty of contributory negligence, will not be disturbed upon appeal.

ID.—EVIDENCE—CUSTOMS OF TEAMSTERS—VIGILANCE IN STARTING—PRIVATE PREMISES—LEGAL DUTY.—Evidence showing the custom of teamsters, generally, to look to see if everything was clear of the wagon before starting the team, is equally as applicable to a team starting on private premises as elsewhere; but, independently of such custom, the law enjoins the exercise of reasonable care and vigilance upon the part of a teamster before starting a heavily loaded wagon.

ID.—NEGLIGENCE OF FELLOW-SERVANT—PLEADING.—The negligence of a fellow-servant cannot be invoked, unless it is set up in the answer as an affirmative defense.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   William R. Daingerfield, Judge.

The facts are stated in the opinion of the court.

Freeman & Bates, for Appellant.

Burke & Calhoun, for Respondent.

GAROUTTE, J.—This is an action to recover damages for personal injuries. Defendant appeals from a judgment rendered against it, and also from the order denying a motion for a new trial.

Does the evidence support the verdict? A consideration of this question necessarily presents the legal soundness of the action of the court in denying a nonsuit. As to the sufficiency of the evidence, the interrogatory at once presents itself, Was the defendant guilty of negligence, and if so, was the plaintiff guilty of contributory negligence? In the discussion of these questions it must be borne in mind that they come to us upon appeal, and must be solved as matter of law. Under these circumstances the evidence given at the trial will be construed against defendant, and all contradictions in the testimony will be resolved in favor of the verdict of the jury. Upon the application of this principle of law to the facts, the court is satisfied that the jury was justified in declaring defendant guilty of negligence. Plaintiff was an expert mechanic, engaged in repairing a generator for the defendant. Within a few feet of the place where he was at work, a large wagon, belonging to defendant, was situated. This work was being done, and the wagon was located in defendant's factory. Defendant's servant, who was employed as a driver of this wagon, knew plaintiff was working at this particular place. Thereafter he loaded the wagon, hitched his horses to it, and, without giving any warning, and without looking to see whether plaintiff or any other person was in a position of danger, started his team, and plaintiff's leg was crushed by the wheel passing over it. He could have been seen at the time by the driver if he had looked.

Was the plaintiff guilty of contributory negligence? He was engaged in repairing a generator, a most difficult and delicate piece of work. This work required the closest attention. The wagon was situated about two feet from his work. It was unloaded, and had no horses attached to it, when he began work. He knew that it was used at irregular intervals, days intervening without it being used. He had been working more than two hours when the accident occurred. He was upon one knee, his other leg extending in front of the back wheel of the wagon, and his attention was wholly engrossed in his work,

when the wagon was started and his leg crushed. He did not know that the wagon had been loaded or the horses attached to it. Earlier in the day the driver had asked him to ride in the afternoon, and he supposed the wagon would not be used until that time. Upon this state of facts, if the plaintiff may be charged with contributory negligence, it can only be by reason of his act in placing his leg in front of the wheel. Yet it may be said the wagon was a dead wagon, in itself inanimate and immovable. If the horses had been attached to the wagon, the driver upon the seat, and plaintiff, knowing these facts, had placed his leg in front of the wheel, a different case would have been presented. Such a case would have been very similar to *Studer* v. *Southern Pacific Co.,* 121 Cal. 400 ;[1] and even in the present case, if the jury under these facts had declared plaintiff guilty of contributory negligence, this court would not have disturbed the verdict. But the jury having taken the opposite view, and declared the plaintiff's act not to constitute contributory negligence, this court cannot, as a matter of law, say that the verdict is not justified by the evidence.

It is urged that the court committed error in allowing evidence to go to the jury as to the custom of teamsters in looking to see if everything was clear of the wagon immediately prior to starting the team. It is claimed by appellant that this evidence of custom was not proper in a case where the team was in a private building or on private premises. We see no reason, and the evidence discloses none, why the custom was not practiced in the one place as well as in the other. But in view of the fact that the teamster admitted having started his team, the wagon loaded with about four tons of freight, without giving any kind of warning or looking back to ascertain if there was danger to any one threatened, we attach but little importance to this evidence of custom. Regardless of the custom, the law certainly enjoined the exercise of some care and vigilance upon the part of the teamster before he started the team.

The negligence of a fellow-servant can only be invoked when it is set up as an affirmative defense to a right of recovery. Here it was not done. (*Conlin* v. *San Francisco etc. R. R. Co.,* 36 Cal. 404; *Bjorman* v. *Fort Bragg Redwood Co.,* 104 Cal. 626; *Gibson* v. *Sterling Furniture Co.,* 113 Cal. 1.)

[1] 66 Am. St. Rep. 39.

There is no substantial error disclosed by the record in the action of the court upon the instructions given and refused.

For the foregoing reasons the judgment and order are affirmed.

Van Dyke, J., and Harrison, J., concurred.