[Civ. No. 2375. First Appellate District.—March 30, 1918.]

## MARIA MACHADO, Appellant, v. FRANK R. MACHADO, Respondent.

DIVORCE—VALIDITY OF HOMESTEAD—BURDEN OF PROOF.—In an action for divorce in which the validity of the homestead claimed by the wife is attacked, the burden is upon her of showing not only the declaration of the homestead and the recording thereof, but also of showing that she was a resident upon the property at the time the declaration was made and recorded; and where her testimony was the only evidence upon the subject and was conflicting and uncertain, the trial court was justified in finding as true the portion of her testimony which showed that she was not residing upon the property at the time the declaration was made and recorded.

ID.—APPEAL FROM JUDGMENT—MOTION FOR NEW TRIAL—MODIFICATION OF JUDGMENT—JURISDICTION.—In an action for divorce, the pendency of an appeal from the judgment does not deprive the trial court on the hearing of a motion for a new trial of jurisdiction to modify the judgment, since proceedings on motion for new trial are independent of the judgment.

APPEAL from a judgment of the Superior Court of Santa Clara County. J. R. Welch, Judge.

The facts are stated in the opinion of the court.

Beggs & McComish, and Joseph Rafael, for Appellant.

C. L. Witten, R. V. Burns, and F. H. Bloomingdale, for Respondent.

BEASLY, J., *pro tem.*—This action was begun in 1913. Plaintiff had judgment for divorce on the ground of cruelty, and included in the judgment also was a settlement of property rights, to which she objected, and she appealed from the latter part of the judgment and was granted a new trial of the issues regarding property. The superior court retried those issues and again adjusted the property rights of the parties. In this latter judgment it determined that what is known as the Guth ranch was separate property of the defendant, and what is known as the Alviso ranch was partly separate and partly community property, and awarded to the defendant as his separate property 40/63 of the Alviso ranch, and, determining that 23/63 thereof was community property, gave the defendant an even half of that. The court also added a provision to the judgment that the defendant should pay fifty dollars a month to the plaintiff for the period of six months, and set aside all previous orders regarding alimony and support for plaintiff. It also decreed to be void a homestead which the plaintiff claimed on the Alviso ranch.

The plaintiff appealed from this judgment on the fifteenth day of November, 1915. Thereafter, upon the hearing of a motion for a new trial, and on the tenth day of December, 1915, the court made an order modifying this judgment so as to award to the plaintiff 149/338 of the Alviso ranch instead of the 23/126 thereof, that is to say, one-half of 24/63 thereof, awarded her in the judgment. The condition of the refusal to grant a new trial to the plaintiff on the property issues was that the defendant should accept this latter division of the Alviso ranch, which he did. The plaintiff again appealed from this latter judgment as to property rights and from this order.

Her first contention is that the order holding her homestead void and refusing to set it apart is unsupported by the evidence.

The burden of showing not only the declaration of the homestead and the recording of the declaration, but also of showing that she was a resident upon the property at the time the declaration was made and recorded, rested upon the plaintiff. (*Apprate* v. *Faure,* 121 Cal. 466, [53 Pac. 917].) Her testimony is the only evidence upon this point, and it is conflicting and very uncertain,—indeed difficult to understand; and, therefore, the trial court was justified in finding that that portion of her testimony which showed that she was not residing upon the property at the time of the declaration, but had abandoned it, was true. This being so, that finding is supported by the evidence.

The plaintiff's next contention is that that part of the judgment at the second trial providing that all orders theretofore made for the payment of alimony and for the support of the plaintiff should be vacated, was outside the issues of the case in that, as it is claimed, no issue had been raised on this matter and no evidence introduced by either party relevant thereto. But evidence was introduced on the question of the value and character of the property of the parties, the very purpose of this evidence being to secure a just apportionment thereof between the parties. This justified the court in setting aside its former orders and in making a new judgment upon this subject. Indeed, it is impossible for us to see what other purpose the appeal of the plaintiff upon the subject of property rights subserved except this.

The appellant's third contention is that her appeal from the judgment of November 9, 1915, deprived the trial court of jurisdiction to modify that judgment on motion for a new trial. But it has been the consistent practice of the courts of this state to insist upon the acceptance of modifications in judgments as a condition of refusing a new trial. The proceedings upon motion for a new trial are independent of the judgment. (Hayne on New Trial and Appeal, sec. 2.) None of the cases cited by the appellants seems to be a case where the court made it a condition of refusing a new trial that a modification of the judgment be assented to. *Pashgian* v. *Stephenson,* 10 Cal. App. 36, [100 Pac. 1075], was a case where a judgment was modified without a motion for a new trial, or at least no proceedings for a new trial appear in the record. In *Shay* v. *Chicago Clock Co.,* 111 Cal. 549, [44 Pac. 237], a diminution of the record was suggested at

the hearing of the appeal to bring up a document purporting to be a judgment *nunc pro tunc*. This *nunc pro tunc* judgment does not appear to have been made upon motion for a new trial. The same state of the record is found in *Reynolds* v. *Reynolds*, 67 Cal. 176, [7 Pac. 480]. The plaintiff's motion for a new trial was pending. It was an independent proceeding of which the trial court had jurisdiction. (Hayne on New Trial and Appeal, sec. 2.) The appeal did not deprive the trial court of its authority. The court made an order on the hearing of this motion for a new trial that if the defendant should consent to a modification of the judgment the motion would be denied; otherwise it would be granted. The consent was given and the motion denied. The fact that this order was made after an appeal had been taken did not deprive the court of authority to make it, as it was a proper order in the proceeding for a new trial. Besides, it does not seem proper to permit the plaintiff to complain of this modification because it was altogether in her favor.

The fourth contention of the appellant is that the court erred in finding that all the personal property and the Guth ranch were the separate property of the defendant, and that the defendant had a four thousand dollar separate estate in the Alviso ranch.

It would serve no useful purpose to review the figures by which the court undertook to follow the issues and profits of the large business which the defendant owned as his separate property at the time of his marriage to the plaintiff, and of the changes in personal property and the investment and reinvestment of money which took place between his marriage and the beginning of this action for divorce. It is sufficient to say that the evidence supports the court's finding upon these points.

The fifth contention of the plaintiff is that she should have been given more than one-half of the community property. Leaving out of account the fifty dollars a month allowed the plaintiff for six months, it may be said that the trial court was exercising its discretion as to the division of this community property, and we cannot say that it abused its discretion in making the division as it did. The circumstances of the case presented many difficulties in the division and apportionment of the property of the parties; and the case

itself is an illustration of the rule that the trial court must be given some latitude to use its own judgment in such matters.

The judgment is affirmed.

Kerrigan, J., and Zook, J., *pro tem.*, concurred.