[Civ. No. 3767.  Third Appellate District.—May 1, 1929.]

W. H. WILLIAMS, Respondent, v. R. J. NIETO et al.,
Appellants.

Robert J. Adcock for Appellants.

Emmons & Aldrich for Respondent.

PRESTON (H. L.), J., *pro tem.*—The plaintiff brought this action to foreclose a mortgage on certain real property situated in Kern County. A judgment and decree of foreclosure in the usual form was entered against both defendants. From this judgment the defendants prosecute this appeal.

Said mortgage was given to secure the payment of a promissory note for the sum of $750, dated November 26, 1921.

Appellants contend there was a valid declaration of homestead on said property and that the decree of foreclosure should have been made subject to said homestead.

The record reveals two complete answers to this contention.

First: The homestead is not pleaded in the answer as a special defense against the mortgage. In fact, it is not mentioned in the answer at all. The answer contains: First, a general denial of the allegations of the complaint; second, the statute of limitations, and, third, want of consideration for the note and mortgage.

Section 437 of the Code of Civil Procedure, as it stood on December 20, 1926, when the answer in this case was filed, provided: "The answer of defendant shall contain: (1) A general or specific denial of the material allegations of the complaint controverted by the defendant; (2) A statement of any new matter constituting a defense or counterclaim."

"If the complaint be verified, the denial of each allegation controverted must be specific, and be made positively, or

according to the information and belief of the defendant . . . .

"If the complaint be not verified, a general denial is sufficient, but only puts in issue the material allegations of the complaint."

. The complaint in the case at bar is verified.

In *Doll* v. *Good*, 38 Cal. 290, the court said: "The rules of pleading, under our system, are intended to prevent evasion, and to require a denial of every specific averment in a sworn complaint, in substance and in spirit and not merely a denial of its literal truth . . . "

The answer in the case of *Reeve* v. *Colusa Gas & Electric Co.*, 152 Cal. 110 [92 Pac. 89], failed to aver that the persons whose negligence caused the injury were *fellow-servants of plaintiff*, and the court held that the defense could not ·be invoked unless pleaded. (See, also, *Layng* v. *Mt. Shasta Co.*, 135 Cal. 143 [67 Pac. 48]; *Mott* v. *Minor*, 11 Cal. App. 774 [106 Pac. 244]; 21 Cal. Jur., pp. 136, 137, and cases there cited.)

In *Wilson* v. *White*, 84 Cal. 239 [24 Pac. 114], the court said: "A defense which is not pleaded cannot be considered, although shown by the evidence. The rule as to curing defects by litigating a matter without objection applies only where the pleading is defective and *not where there is a total absence of averment.*" (See, also, *Brians* v. *Superior Court*, 32 Cal. App. 206 [162 Pac. 420]; *Kimball* v. *Richardson-Kimball Co.*, 111 Cal. 386–397 [43 Pac. 1111].)

It seems clear that defendants are limited on appeal to the two issues raised by the answer, to wit: Lack of consideration for the mortgage and statute of limitations.

The trial court found against defendants and appellants on both of these issues and the evidence is amply sufficient to support said findings.

Second: If we assume for the sake of argument that the answer is sufficient to put the homestead in issue as against the mortgage, still the evidence is wholly insufficient to show that there was a valid declaration of homestead on the property prior to the execution of the mortgage in question. The only time that a homestead was mentioned in the trial court was during the examination of defendant R. J. Nieto by his own counsel, and then the following occurred: "Q. Is there a homestead on the property? A. Yes, sir.

Mr. Aldrich (counsel for plaintiff): We object to that as incompetent, irrelevant and immaterial, as against a mortgage executed by both husband and wife. Mr. Adcock (counsel for defendants): We contend that the mortgage never has been executed. The Court: I have ruled on that question. Sustain the objection.''

No complaint is here made of the trial court's ruling. The homestead was not offered in evidence. Nothing was offered to show the date of the making or recording of the alleged homestead—whether it was before or after the execution of the mortgage. The burden rested entirely upon appellants to show, not only that there was a declaration of homestead and that same had been recorded, but also to show that the claimant was a resident upon the property at the time the declaration of homestead was made and recorded. (*Machado* v. *Machado*, 36 Cal. App. 646 [172 Pac. 1124]; *Michels* v. *Burkhard*, 47 Cal. App. 162 [190 Pac. 370]; *Apprate* v. *Faure*, 121 Cal. 466 [53 Pac. 917]; 13 Cal. Jur. 558.) These requirements appellants failed to meet.

From the state of the record in this case it is clear that appellants are in no position to urge upon this court that there was a valid declaration of homestead on the mortgaged property.

▮ Furthermore, the court found, upon sufficient evidence, that the mortgage was executed and acknowledged by both husband and wife; therefore, the question of whether or not there was a valid homestead on the property becomes wholly immaterial. (Sec. 1241, Civ. Code.)

▮ Appellants also contend that no evidence was introduced to show that Suzy Nieto, wife of defendant, R. J. Nieto, signed or executed either the note or mortgage.

This contention is based upon the fact that Suzy Nieto's signature to both the note and mortgage is by mark and there is only one witness to her mark. (Sec. 17, Code Civ. Proc.) The complaint is verified and contains a copy of the note and mortgage. The answer is also verified, *but does not deny the execution of either the note or mortgage.* Therefore, *the genuineness and due execution of both the note and mortgage are admitted.* (Secs. 447 and 462, Code Civ. Proc.; 21 Cal. Jur. 155, and cases there cited.)

The testimony, however, shows, and the court found, that both defendants did, on November 26, 1921, for a valuable

consideration, make, execute and deliver to plaintiff the note and mortgage in question, and that no part of the money called for in said note and mortgage has ever been paid to plaintiff.

The next and final contention of appellants is that said mortgage was not entitled to be recorded, because it was not properly acknowledged by Suzy Nieto. The certificate of acknowledgment is defective, but the acknowledgment is no part of the mortgage. The purpose of an acknowledgment to a mortgage on real estate is merely to obviate proof of its execution when it is offered in evidence and to entitle it to be recorded, but the mortgage itself is valid between the parties and against all persons except subsequent purchasers or mortgagees for value in good faith, whose conveyance is first duly recorded. (1 Cal. Jur., p. 236.)

It follows that appellants are in no position to object to the sufficiency of the acknowledgment, for the mortgage is valid as against them, whether recorded or not. (Sec. 1217, Civ. Code; *Downing* v. *Le Du,* 82 Cal. 471 [23 Pac. 202].)

We find no merit whatever in the appeal.

The judgment is affirmed.

Plummer, J., and Finch P. J., concurred.