[Civ. No. 185. Fourth Appellate District.—December 17, 1930.]

J. EDGAR ROSS et al., Appellants, v. O. R. BEEDELMAN et al., Respondents.

· J. Edgar Ross and Anna M. Ross, *in pro. per.*, for Appellants.

Robert W. Nelson for Respondents.

CARY, P. J.—Plaintiffs brought this action against defendants to recover damages alleged to have been sustained by reason of the breaking of branches and fruitspurs on certain cherry trees on plaintiffs' property. The court found against the plaintiffs and gave judgment for defendants, from which plaintiffs prosecute this appeal, urging as their main ground "that the evidence does not support the decision".

The evidence showed that one of the defendants was a deputy sheriff and that the others were men engaged by the sheriff to pick a crop of cherries from the trees of the plaintiffs for the purpose of satisfying an execution against the plaintiffs. There was a substantial conflict in the evidence as to whether or not the picking had been done in such a manner as to injure the branches and fruitspurs of the trees. The trial court's finding in favor of the defendants on that issue, therefore, cannot be disturbed.

Plaintiffs contend, however, that since the property was covered by a declaration of homestead, the only way it could have been reached for the satisfaction of an execution was by proceedings under Civil Code, section 1245 et seq., that since such procedure was not followed the entry upon plaintiffs' property was unlawful and therefore plaintiffs should be entitled, in any event, to nominal damages. Before this contention could be sustained it would be necessary for plaintiffs to prove the existence of the homestead. The plaintiffs merely alleged that some two years before the alleged injury one of the plaintiffs had caused a declaration of homestead to be recorded. Due

to a defective denial of this allegation the truth thereof must be deemed admitted. No proof was given as to the essentials necessary to the creation of a homestead. The mere recording of a declaration of homestead is no sufficient proof of the existence of the homestead, but in addition thereto and as a foundation therefor every fact essential to the existence of the homestead must be proved (*Apprate* v. *Faure*, 121 Cal. 466 [53 Pac. 917] , *Machado* v. *Machado*, 36 Cal. App. 646, 648 [172 Pac. 1124], and *Williams* v. *Nieto*, 98 Cal. App. 615, 618 [277 Pac. 513]). Plaintiffs having failed to show the existence of a homestead, likewise failed to show the illegality of the sheriff's entry.

The judgment is affirmed.

Marks, J., and Barnard, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 12, 1931, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 9, 1931.