[Civ. No. 10391. First Appellate District, Division Two.—April 5, 1937.]

LOUIS J. ANTONSEN, Appellant, v. SAN FRANCISCO CONTAINER CO., INC. (a Corporation), et al., Respondents.

Waldo F. Postel for Appellant.

Rudolph J. Scholz for Respondents.

SPENCE, J.—This is an appeal by plaintiff from an order of the trial court denying plaintiff's motion to set aside the defaults of plaintiff for failure to answer two cross-complaints and to set aside the judgments entered against plaintiff and in favor of the cross-complainants.

Plaintiff commenced this action in March, 1931, by filing a complaint against defendants for money had and received in the sum of $3,000. The corporate defendants filed an answer and cross-complaint. Said cross-complaint was based upon the alleged breach by plaintiff of a written contract and the prayer thereof was for damages in the sum of $10,000. Defendant Sommer also filed an answer and cross-complaint. Said complaint was also based upon the alleged breach by plaintiff of a written contract and the prayer thereof was for damages in the sum of $5,000. Receipt of copies of said answers and cross-complaints was acknowledged under date of April 6, 1931, by the attorney who had filed plaintiff's complaint. Under date of August 24, 1931, other attorneys were substituted as attorneys for plaintiff. On September 30, 1931, the default of plaintiff was entered and on the same day, after a hearing by the court, judgments by default were entered against plaintiff. The court found that all of the allegations of the cross-complaints were true except as to damages and further found that the corporate defendants had been damaged only in the sum of $3,500 and that defendant Sommer had been damaged only in the sum of $1897. Judgments were entered accordingly.

The record presented on this appeal discloses no other proceedings in said cause until the year 1936, when plaintiff's substituted attorneys withdrew and plaintiff's present attorney was appointed. Under date of September 4, 1936, plaintiff served a notice of motion to set aside said defaults and said judgments. Said motion was made upon the ground that said defaults were improperly entered and that said judgments were void because the "alleged cross-complaints were not cross-complaints" and "did not require any answer by plaintiff" and that the court was without jurisdiction to enter either said defaults or said judgments and that said judgments were "void upon their faces". No affidavits or other documents accompanied the notice of motion and it was stated in said notice that the motion would be based "upon the judgment roll herein and upon all the files, papers and proceedings in said action". A hearing was had and said motion was denied on September 24, 1936. No bill of exceptions is presented on this appeal and the certificate of the trial judge to the typewritten transcript states that there was no testimony taken on the hearing of the motion and that the papers

included in said transcript and no others were used and considered on the hearing.

We find no error in the trial court's ruling denying the motion to set aside said defaults and said judgments. The pleadings in question were cross-complaints, they were so designated and in each instance receipt was acknowledged of the "within answer and cross-complaint". The court had jurisdiction of the parties and of the subject-matter and neither judgment was void upon its face. Assuming, without deciding, that there is merit in plaintiff's claim that said judgments were independent judgments on said cross-complaints and that it was error to enter such independent judgments, we are nevertheless of the opinion that plaintiff failed to make a sufficient showing upon his motion to set aside said judgments. There was no showing to indicate that plaintiff had any defense to the causes of action set forth in said cross-complaints or that the error, if any, in entering said judgments was prejudicial. (Code Civ. Proc., sec. 475.)

Plaintiff further claims that the cross-complaints were served upon his original attorney five days after said attorney had been suspended from the practice of law and that said service was invalid. It is a sufficient answer to state that it does not appear that this claim was urged in the trial court in support of plaintiff's motion or that any showing was made with respect thereto.

The order is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.