[Civ. No. 4491. Fourth Dist. Jan. 28, 1953.]

KURT D. PERRIN et al., Respondents, v. BRUCE C. COUNTRYMAN, Appellant.

Frank J. Keeney for Appellant.

Osborne, Solomon & Fitts for Respondents.

GRIFFIN, J.—This action was instituted by plaintiffs, general excavating contractors, against defendant alleging in the first cause of action of their complaint that there was due from defendant $598.23 for services performed, and in a second cause of action that on July 23, 1950, defendant executed his promissory note in favor of plaintiffs for $5,500 and failed to pay it when due. Defendant was served personally with process and a writ of attachment was levied on his real property. On January 29, 1952, default was entered by the clerk at plaintiffs' request, and on February 1st judgment by default was entered for the amounts claimed plus interest and reasonable attorneys' fees fixed at $750.

An affidavit of defendant's attorney, in support of a motion to set the judgment aside, recites that he was consulted by defendant after service upon him of the summons and complaint and that between said time and the entry of default there were no negotiations between him and counsel for plaintiffs except telephone contacts to verify extensions of time to answer which agreements were negotiated between

plaintiffs and defendant personally; that on January 15, 1952, counsel for plaintiffs, at affiant's suggestion, wrote him a letter granting a continuance until 5 p. m. January 21st, and stated that he would declare a default if an escrow was not opened and certain funds deposited therein. A further continuance for the normal period of time of the escrow was to be granted if plaintiffs' attorney did not hear from affiant in time to comply with the above suggestion and it was agreed that if he did not so comply, plaintiffs' attorney was to feel free to apply for a default judgment. Affiant then alleged that the provisions of this letter were superseded by further negotiations between plaintiff Perrin and the defendant personally; that on January 21st, affiant contemplated the filing of a demurrer but it was not filed because of some agreed extension between plaintiff Perrin and the defendant; that on January 31st, counsel for the plaintiffs wrote defendant's counsel about paying the claim; that in this letter he stated that counsel for defendant agreed to call counsel for plaintiffs and notify him of the decision; that he since learned that instead of making the financial arrangements agreed upon, counsel for defendant did, on the same day, attempt to file an answer; that fortunately he had previously taken a default. He therein stated that he had given many extensions of time to accommodate his client upon a representation of immediate payment of the amount prayed for; that he concluded that the delaying tactics of defendant were not in good faith and were made for the purpose of delay; that he could not see what meritorious defense there was to the note, which was given in renewal of a former note for labor and materials; and that if defendant attempted to set aside the default he would oppose it. Affiant then stated that he replied to this letter on February 6th, reminding counsel for plaintiffs that virtually all of the negotiations in this respect were carried on by their clients personally, and claimed that there was some offset discussed by them resulting in a compromise figure; that the claim that affiant was about to file an answer was incorrect but that he did contemplate filing a demurrer but did not do so after some telephonic conversation with plaintiffs' counsel; that he endeavored to file it on January 30th, since it was his understanding that no default would be taken until he was notified.

Defendant's affidavit recites that plaintiff had done over $50,000 worth of excavation work for him over a period of years and had extended considerable credit to him and that

the note was given as evidence of the balance due on the obligation; that when the complaint was served on him, he contacted plaintiff Perrin and discussed the claim and defendant's claimed offset for alleged damages for negligence in the work performed; that a compromise was agreed upon and an extension of time was granted to complete negotiations; that when affiant was out of the county, default was entered without his knowledge.

Opposed to this is plaintiff Perrin's affidavit alleging that plaintiffs, prior to 1950, performed work for defendant and agreed that $10,000 was due after all credits were allowed; that defendant executed a 90-day note in payment thereof; that he paid $4,500 thereon and that on August 10, 1950, there was a balance due of $5,500; that plaintiffs demanded payment in full and defendant persuaded them to accept the note here sued upon for that balance; that at no time has defendant denied it was owing or that the sum of $598.23 was not a proper charge for the other services performed; that defendant expressly acknowledged to plaintiffs that they were due, and his only request was in respect to the amount of claim for attorneys' fees in reference to the collection of the note; that plaintiffs did all of their work for defendant under the direct supervision of defendant's engineers and that they approved it; and that defendant openly admitted that their work was satisfactory and that the sum specified was due without any offsets or counterclaims.

Defendant accompanied the motion with an unverified proposed answer to plaintiffs' verified complaint, in which he only denies, on information and belief, that plaintiffs are licensed contractors and that plaintiffs are now the lawful holders of the note. He denies that $750 is a reasonable sum for attorneys' fees.

It should be here noted that defendant does not deny the due execution of the note or that it was not due and payable, nor does he deny that the work was actually performed. In this respect, defendant failed to show that he had a meritorious defense to the complaint, and failed to comply with the statute which could afford him any relief under his motion. (*Dietlin* v. *General American Life Ins. Co.*, 4 Cal.2d 336, 349 [49 P.2d 590]; *Williams* v. *Nieto*, 98 Cal.App. 615, 618 [277 P. 513]; *Antonsen* v. *San Francisco Container Co.*, 20 Cal.App.2d 214, 216 [66 P.2d 716].)

In connection with this proffered answer, defendant offered to file a proposed cross-complaint in which he alleges gen-

erally that plaintiffs, pursuant to an oral contract made within the past three years, undertook certain work in connection with excavation and grading for defendant, and in so doing violated their agreement by performing some of the work in a negligent manner, to defendant's damage in the sum of $10,000.

Plaintiffs prepared an answer to this cross-complaint and alleged that the claim was not made in good faith; that it was made solely for the purpose of delay, and that since plaintiffs would be entitled to a judgment on the pleadings as to the complaint and answer, no good purpose would be served in allowing defendant to file the proposed cross-complaint, citing *Pacific Finance Corp.* v. *Superior Court,* 219 Cal. 179, 180-181 [25 P.2d 983, 90 A.L.R. 384].

The trial court, after full hearing, denied defendant's motion. The defendant cites such cases as *Roehl* v. *Texas Co:,* 107 Cal.App. 708 [291 P. 262]; and *Melde* v. *Reynolds,* 129 Cal. 308 [61 P. 932], to the effect that an application to set aside a default is addressed to the court's discretion, and when there is no question about what ought to have been done, the action of the trial court will be sustained, but that it is the practice of appellate courts to scan more carefully denials of such relief. No abuse of judicial discretion here appears. The court might well have believed that the actions of the defendant were not in good faith and that the representations and promises of payment were made for the purpose of delay and that the cross-complaint for claimed damages for work performed a year or more before the cross-complaint was sought, was but an afterthought and that the claim was lacking in merit. The question of abuse of discretion of the trial court in refusing to set aside a default was fully considered by this court in *Schreiber* v. *Duncan,* 111 Cal.App.2d 261 [244 P.2d 465]; and in *Kester Motors, Inc.* v. *Haddad,* 109 Cal.App.2d 369 [240 P.2d 1011]. No good purpose would be served by reiterating the principles and rules there enunciated, which appear to be applicable to the facts in this case.

Order affirmed.

Barnard, P. J., and Mussell, J., concurred.